# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Leandro Leonel Gonzalez,<br><br>                      Plaintiff,<br><br>v.<br><br>Correctional Officer DeGuzman,<br>Correctional Officer Rodrin, Correctional Nurse O. Calderon,<br><br>                      Defendants. | Case No.: 17-cv-00241-GPC-BGS<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR CASE MANAGEMENT ORDER**<br><br>**[ECF NO. 52]**<br><br>**AND**<br><br>**(2) SCHEDULING EARLY NEUTRAL EVALUATION AND CASE MANAGEMENT CONFERENCE IN § 1983 CASE** |

      Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983. (ECF No. 1) Pursuant to United States District Judge Gonzalo P. Curiel's April 12, 2018 Order granting Defendants' motions to dismiss, the only claim remaining in Plaintiff's Second Amended Complaint is his first cause of action against Defendant DeGuzman. (ECF No. 49 at 16.) On April 26, 2018, Defendant DeGuzman filed an answer to Plaintiff's

Second Amended Complaint. (ECF No. 50.) Plaintiff subsequently filed a Motion for Case Management Order (ECF No. 52), in which he requests that the Court issue a Case Management Order commencing discovery. Accordingly, **IT IS HEREBY ORDERED**:

(1) A **TELEPHONIC** Early Neutral Evaluation Conference shall be held on **July 12, 2018** at **10:00 AM**. Counsel for Defendants shall appear telephonically and shall make all arrangements for Plaintiff to appear telephonically and provide an interpreter if necessary. Once all participants are on the line, counsel shall initiate the call to chambers.

(2) The parties are to LODGE settlement statements in accordance with Magistrate Judge Skomal's Civil Chambers Rules, no later than **June 28, 2018**. The confidential settlement statements should be lodged by e-mail to **efile_skomal@casd.uscourts.gov**. However, if email is unavailable, settlement conference statements may be lodged by mail to the U.S. District Court, Southern District of California, Office of the Clerk, Attn: Magistrate Judge Skomal's Chambers, 333 West Broadway, Suite 420, San Diego, CA 92101. **Settlement conference statements SHALL NOT be filed with the Clerk of the Court. Settlement conference statements may be exchanged confidentially with opposing counsel within the parties' discretion.**

(3) If the case does not settle during the Early Neutral Evaluation, a Case Management Conference will be held at the conclusion of the Early Neutral Evaluation. Accordingly, Defense counsel shall arrange a meeting with Plaintiff to prepare a joint discovery plan and deposition schedule so that discovery can be timely completed. The discovery plan must be one document, shall comply with the requirements set out in Magistrate Judge Bernard G. Skomal's Civil Chambers Rules (available on the Court's website and attached hereto). Defense counsel shall file the joint discovery plan on the CM/ECF system as well as LODGE it with Magistrate Judge Skomal by e-mailing the Plan to

**efile_skomal@casd.uscourts.gov**, on or before **June 28, 2018**.[1] Following a Case Management Conference, the Court will issue a Scheduling Order in due course. Accordingly, Plaintiff's Motion for Case Management Order (ECF No. 52) at this time is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 4, 2018

_____
Hon. Bernard G. Skomal
United States Magistrate Judge

---

[1] Pursuant to local and chambers rules, the efile_skomal@casd.uscourts.gov e-mail address is not to be utilized to communicate with the Court unless otherwise permitted or when communications are solicited by the Court. Here, for example, the Court is soliciting a lodgment.

HONORABLE BERNARD G. SKOMAL

U.S. MAGISTRATE JUDGE

CHAMBERS' RULES

___

**Please Note:** The Court provides this information for general guidance to counsel. However, the Court may vary these procedures as appropriate in any case.

I. **Communications With Chambers**

A. **Code of Conduct.** Counsel are directed to review and be familiar with Civil Local Rule 83.4. This Court will hold counsel to the standards set forth in the rule and will enforce the standards through sanctions or disciplinary action as provided in Civil Local Rules 83.1 and 83.5.

B. **Letters, faxes, or emails.** Letters, faxes, or emails to chambers are not permitted unless specifically requested by the Court. If letters, faxes, or emails are requested, copies of the same must be simultaneously delivered to all counsel. Copies of correspondence between counsel should not be sent to the Court. Unauthorized correspondence will be rejected.

C. **Telephone Calls.** Telephone calls to chambers are permitted only for matters such as calendaring or addressing discovery disputes. **Court personnel are prohibited from giving legal advice or discussing the merits of a case on an ex parte basis.** Call Judge Skomal's chambers at (619) 557-2993 and address your inquiries to the Research Attorney assigned to the case. When calling chambers, be prepared to identify your case number. Before contacting chambers, make sure to closely read all orders issued in the case, as well as review the Local Rules and CM/ECF Administrative Policies and Procedures Manual and only call if those resources do not provide an answer to your inquiry.

D.  **Conference Calls.**  When an order, minute order, or other notice from the Court directs you to "coordinate and initiate the conference call," the initiating party should make arrangements for all call participants to be on the phone and then should call chambers at the time set for the call.  The Court cannot advise you on how to coordinate the conference or a particular conferencing service to use.

E.  **Lodging Documents.**  When an order directs you to "lodge" documents with chambers (usually your ENE and MSC statements), you must email it to: **efile_Skomal@casd.uscourts.gov.**

F.  **Courtesy Copies.**  Courtesy copies of filings exceeding 20 pages must be submitted to chambers via the Clerk's office.  Unless expressly required by the Court, courtesy copies must be identical to the electronically-filed documents.  The pages of each pleading must be firmly bound and must be 2-hole punched at the top.  If a pleading or settlement brief has exhibits, the exhibits must be tabbed.

II. **Early Neutral Evaluation ("ENE") Conference and Other Settlement Conferences, e.g., Mandatory Settlement Conference**

A.  **Confidential Briefs.**  The order setting the ENE or Mandatory Settlement Conference ("MSC") will direct the parties to file confidential briefs on a certain date two weeks prior to the conference.  This is a requirement and failure to timely submit the brief constitutes a violation of a court order.

The parties must directly submit to Judge Skomal's chambers a confidential ENE or MSC Statement, which outlines the nature of the case, the claims, the defenses, and the parties' demands and offers of settlement, including the settlement relief that the party is willing to accept at the conference.  If a specific demand or offer cannot be made at the time the brief is submitted, then the reasons as to why a demand or offer cannot be made must be stated, and the party must also explain when they will be in a position to state a demand or offer.  General statements such as a party will "negotiate in good faith" is not a specific demand or offer.

MSC briefs must not merely repeat what was contained in the ENE brief or any earlier settlement brief.  MSC briefs must specifically identify what the discovery process revealed and the effect that the evidence has on the issues in the case.  To the extent specific discovery responses, portions of deposition testimony, or expert reports are pertinent to the Court's evaluation of the matter, these documents must be attached as exhibits to the brief.  Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit.

The briefs must be e-mailed to: **efile_Skomal@casd.uscourts.gov.**  **If the brief, including exhibits, exceeds 20 pages, a courtesy copy must be delivered the same day the brief is due, and must be delivered to Judge Skomal's Chambers via the Clerk's office.**

B.     **Re-Scheduling the Conference.**  Counsel seeking to reschedule an ENE or other settlement conference must confer with opposing counsel prior to making the request.  Such requests may be made by filing a joint motion.  At the time the request is filed, a proposed Order must also be submitted in Word or WordPerfect format to efile_Skomal@casd.uscourts.gov.  Requests should be made as soon as counsel is aware of the circumstances that warrant rescheduling the conference.  Requests to continue an ENE or other settlement conference based on preexisting scheduling conflicts should be raised within 10 days of the Court's issuance of the order setting the conference.

If the other party will not agree to reschedule the conference, counsel for both parties must jointly call chambers and present the dispute to the research attorney assigned to the case.

C. **Required Presence at the Conference.** Unless the order setting the ENE or MSC states otherwise, the Court generally requires all named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement to appear in person at the ENE and settlement conferences. The Court will consider requests to excuse a required party from personally appearing upon a showing of good cause. If counsel wishes to request that a required party be excused from personally appearing, they must confer with opposing counsel prior to making the request. Such requests may then be made by filing a joint motion, or if the other side will not agree to the exclusion, the party seeking relief may file an ex parte application setting forth the good cause for the excuse. At the time the request is filed, a proposed Order must also be submitted in Word or WordPerfect format to efile_Skomal@casd.uscourts.gov.

D. **Settlement Prior to the Conference.** If the case is settled in its entirety before the scheduled date of the ENE or other scheduled settlement conference, counsel must either (1) file a Joint Motion to Dismiss at least 24 hours before the conference; (2) file a Notice of Settlement at least 24 hours before the conference that includes the electronic signatures of counsel for all settling parties and states a date the Joint Motion to Dismiss will be filed; (3) if the matter settles less than 24 hours before the conference, counsel must jointly call Judge Skomal's chambers at (619) 557-2993 as soon as possible and receive permission not to appear in court. If the above protocol is not followed and the parties fail to appear at the scheduled conference, the Court may impose sanctions.

III. <u>Case Management</u>

A. **Case Management Conferences ("CMC")**. The Court conducts its CMCs at the ENE. If the Court decides to conduct it telephonically, Plaintiff's counsel coordinates and initiates all conference calls.

B.  **Discovery Plans.** The parties are required to file a Joint Discovery Plan at least two weeks before the scheduled CMC. The plan must be one document and must explicitly cover the parties views and proposals for each item identified in Fed. R. Civ. P. 26(f)(3). In addition, Judge Skomal requires the discovery plan to identify whether the parties will consent to jurisdiction of a Magistrate Judge. Agreements made in the Discovery Plan will be treated as binding stipulations that are effectively incorporated into the Court's Case Management Order.

In cases involving significant document production and electronic discovery, the parties must also include the process and procedure for "claw back" or "quick peek" agreements as contemplated by Fed. R. Evid. 502(d)-(e).

C.  **Requests to Amend the Schedule.** The dates and times set in the Scheduling Order will not be modified except for good cause shown. Fed. R. Civ. P. 16(b)(4). Counsel are reminded of their duty of diligence and that they must "take all steps necessary to bring an action to readiness for trial." Civil Local Rule 16.1(b).

  1. Any unopposed requests for extensions should be made by filing a Joint Motion. The motion must include a declaration from counsel of record detailing the steps taken to comply with the dates and deadlines set in the order, and the specific reasons why deadlines cannot be met, as well as the specific discovery that has been conducted, and what specific discovery remains outstanding. The extension will not be granted absent good cause.

  2. When a party seeks a modification of the schedule and the opposing party will not agree to the extension, counsel must promptly and jointly contact Judge Skomal's chambers and speak with the research attorney assigned to the case. If a party is unresponsive to a request jointly contact Judge Skomal's chambers, after 48 hours, counsel for the moving party is to contact chambers and the Court will issue a minute order setting a telephonic conference with the research attorney assigned to the case.

3. When any motion to extend time is made after time has expired, Fed. R. Civ. P. 6(b)(1)(B) requires the parties to address excusable neglect.

## IV. Discovery Responsibilities

The Parties are to strictly comply with the provisions of Fed. R. Civ. P. 26(g)(1-2). Failure to comply, without substantial justification, could result in sanctions as mandated by Rule 26(g)(3).

## V. Discovery Disputes: Fed. R. Civ. P. 26 - 37, 45; Civ. LR 26.1

All discovery motions must comply with the following procedures.

**A.** **The Meet and Confer Requirement.** Counsel are to promptly meet and confer regarding all disputed issues. If counsel are located in the same county, you are required to meet and confer in person. If counsel are located in different counties, you are to meet and confer by phone or video conference. Under no circumstances will written communications satisfy the meet and confer requirement. Counsel must proceed with due diligence in scheduling and conducting an appropriate meet and confer conference as soon as a dispute arises. If a party is unresponsive to a request to meet and confer, after 48 hours, contact chambers and the Court will issue an order setting a telephonic conference with the research attorney assigned to the case.

B.  **Failure to Resolve the Dispute.**  If the parties have not resolved the dispute pertaining to Fed. R. Civ. P. 26 through 37 and Rule 45, through the meet and confer process, counsel for all interested parties must promptly and jointly contact Judge Skomal's chambers and speak with the research attorney assigned to the case.  Counsel must be prepared to specifically and succinctly explain the dispute to the research attorney.  Counsel must agree on the issue(s) in dispute prior to calling chambers.  The research attorney will explain the issue to Judge Skomal. The Court will either set a further telephonic discovery conference or advise the parties to file a motion.

C.  **The 30-Day Rule.**  The Court will not rule on a discovery dispute that is brought to the Court's attention more than thirty (30) days after the date upon which the event giving rise to the dispute occurred absent a showing of good cause.

For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition.  For written discovery, the event giving rise to the discovery dispute is service of the initial response or the time for such service if no response is given.  A propounding party may grant a responding party up to a 30-day extension to respond to discovery requests.  If the parties wish to extend a response deadline more than 30-days from the original deadline, they must JOINTLY call Judge Skomal's chambers and speak to the Research Attorney assigned to their case.  Failure to do so will result in waiver of any potential dispute arising from those discovery requests.

\*\***Be advised**: when parties are attempting to resolve disputes on their own without the need for Court intervention, the parties must call Judge Skomal's chambers and request that the 30-day deadline for bringing disputes to the Court's attention be tolled.  If the parties do not alert the Court to the fact that they are attempting to resolve their dispute and the 30-day deadline

passes, the Court will not rule on the dispute absent a showing of good cause.

If the parties thereafter informally resolve the dispute without court intervention during the tolled period, they must promptly notify the Court of this resolution.

If the parties do not resolve the dispute informally, they must promptly and jointly contact the research attorney assigned to their case for further instructions. If the parties do not promptly and jointly advise the Court as required under this subsection, the 30-day deadline will be deemed to resume running at the time that the parties were required to notify the Court.

**D.** **Formal Discovery Motions.** If Judge Skomal requests that the parties file a discovery motion, the Court will advise the parties of the format for the motion. Under no circumstance may any party file any motion relating to Rule 26 through 37 and 45, *ex parte* or otherwise, without complying with the procedure set forth in these chambers rules re: discovery disputes.

**E.**     **Disputes during Depositions**. If the dispute arises during a deposition regarding an issue of privilege, enforcement of a court-ordered limitation on evidence, or pursuant to Fed. R. Civ. P. 30(d), counsel should suspend the deposition and immediately meet and confer.  If the dispute is not resolved after meeting and conferring, counsel may call Judge Skomal's chambers at (619) 557-2993 to potentially receive an immediate ruling on the dispute.  If Judge Skomal is available, he will either rule on the dispute or give counsel further instructions on how to proceed.  If Judge Skomal is unavailable, counsel must mark the deposition at the point of the dispute and continue with the deposition. Thereafter, counsel must further meet and confer regarding all disputed issues pursuant to the requirements of Civil Local Rules 16.5.k. and 26.1.a.  If counsel have not resolved their disputes through the meet and confer process, they must proceed as noted in these chambers rules.

**F.**     **Other Discovery not tolled.**  Counsel may not stop conducting other discovery due to a dispute.

## VI. <u>Protective Orders</u>

**A.**     All stipulated protective orders submitted to the Court must include the following provisions:

   1.  <u>What the Court shall do with confidential or sealed documents after the case is closed</u> (i.e., how the documents are to be disposed). The language should indicate whether the documents are to be destroyed or returned to the parties and the time frame in which to do either. Further, the Protective Order must state that any action by this Court must be preceded by an ex parte motion for an order authorizing the return of all Confidential and Attorneys' Eyes Only Material to the party that produced the information or the destruction thereof.

2. <u>Modification of the Protective Order by the Court</u>. The Protective Order shall state that the Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

3. <u>Relation to any court or local rules</u>. The Protective Order shall state that without separate court order, the Protective Order and the parties' stipulation does not change, amend, or circumvent any court rule or local rule

4. <u>Filing documents under Seal.</u> The Protective Order must include the language: No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

   If an application to file a document under seal is granted by Judge Skomal, a redacted version of the document shall be e-filed. A courtesy copy of the unredacted document shall be delivered to Judge Skomal's chambers.

**B.** All stipulated protective orders submitted to the Court must be filed as a Joint Motion. Additionally, a proposed order must be submitted via email to **efile_Skomal@casd.uscourts.gov.** The proposed order must contain the full text of the stipulated protective order and be in Microsoft Word format. Please refer to Sections 2.f.4 and 2.h of the Court's <u>Electronic Case Filing Administrative Policies and Procedures Manual</u> for more information.

## VII. General Decorum

The Court expects all counsel and parties to be courteous, professional, and civil at all times to opposing counsel, parties, and the Court, including all court personnel. Professionalism and civility—in court appearances, communications with chambers, and written submissions—are of paramount importance to the Court. Personal attacks on counsel, parties, or court staff will not be tolerated under any circumstance. Inappropriate behavior will be subject to sanctions as provided in Civ. Local Rules 83.1 and 83.5.

## VIII. Technical Questions Relating to CM/ECF

If you have a technical question relating to CM/ECF, please contact the CM/ECF Help Desk at (866) 233-7983.

## IX. Inquiries Regarding Criminal Matters

All inquiries regarding criminal matters shall be directed to Judge Skomal's Courtroom Deputy, Trish Lopez, at (619) 557-7104.

Counsel is advised to be well versed in the local criminal rules.