UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANDRO LEONEL GONZALEZ, <br><br>Plaintiff, <br><br>v. <br><br> CORRECTIONAL OFFICER DEGUZMAN, et al., <br><br>Defendants. | Case No.: 17-cv-00241-GPC-BGS <br><br> **ORDER DENYING MOTION TO APPOINT COUNSEL [ECF NO. 62]** |

Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983. (ECF No. 1) Before the Court is Plaintiff's Notice of Motion for Appointment of Counsel (ECF No. 62) For the reasons set forth below, the Motion is **DENIED**.

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Further, there is no constitutional right to a court-appointed attorney in section 1983 claims. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). Moreover, United States district courts lack the authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court,* 490 U.S. 296, 298 (1989).

1

While a district court has limited discretion under 28 U.S.C. § 1915(e)(l) to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F. 3d 1101, 1103 (9th Cir. 2004), it may exercise that discretion only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Determining whether such "exceptional circumstances" exist requires consideration of both (1) a plaintiff's "likelihood of success on the merits" and (2) whether he "is unable to articulate his claims in light of the complexity of the issues involved." *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *see Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F.3d at 970.

Plaintiff claims that he cannot afford a lawyer, having been granted leave to proceed In Forma Pauperis (ECF. No. 4), his imprisonment greatly limits his ability to litigate this case, which he asserts is complex and involves "substantial investigation and discovery," and that an attorney would help him with discovery and other pretrial proceedings as well as "apply the law properly in briefs and before the Court." Plaintiff further asserts that "expert testimony is important in this case," the trial would likely involve conflicting testimony and an attorney would assist him with the presentation of evidence and the cross-examination of opposing witnesses. (ECF No. 62 at 1-2, 5-6)

The circumstances cited by Plaintiff are typical of almost every *pro se* prisoner civil rights plaintiff and alone are insufficient to demonstrate the "exceptional circumstance" required to justify appointment of counsel. *See Jones v. Kuppinger*, 2:13-CV-0451 WBS AC, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel."); *Garcia v. C.D.C.R.*, No. 12CV1084 IEG KSC, 2013 WL 485756, at *2 (S.D. Cal. Feb. 6, 2013); *Marquez v. United States*, No. 318CV00434CABNLS, 2018 WL 3388098, at *3 (S.D. Cal. July 12, 2018). "Thus, so long as a pro se litigant, is able to 'articulate his claims' in

light of the relative complexity of the matter, the 'exceptional circumstances' which might *require* the appointment of counsel do not exist." *Garcia v. C.D.C.R.*, *Id* at *1 (internal citations omitted).

In this case, the Plaintiff contends that his Eighth Amendment rights were violated while he was incarcerated at Richard J. Donovan Correctional Facility when Defendant Correctional Officer DeGuzman allegedly closed the door on his right hand "malicious[ly] and sadistic[ally]," causing injury. (ECF No. 34 at 21-23). Contrary to Plaintiff's claim, the issues raised by his Second Amended Complaint are not particularly complex. Based on his filings, Plaintiff has demonstrated that he is fully capable of understanding the facts and the law involved in this case and sufficiently articulating them to the Court.

This is evidenced by the typewritten, lengthy and thorough memorandum which accompanied the complaint and included legal citations (ECF No. 1), Plaintiff's filing of a discovery request (ECF No. 9), his request for the entry of a default judgment against Correctional Officer Rodrin (ECF No. 11), and a motion seeking leave to file an amended complaint (ECF No. 14), which was granted (ECF No. 15), among other filings. *See West v. Dizon*, No. 2:12-CV-1293 DAD P, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014). When a *pro se* plaintiff shows he understands basic litigation procedure and is able to articulate his claims, he does not demonstrate exceptional circumstances to warrant appointing counsel. *See Palmer*, 560 F.3d at 970.

Further, while Plaintiff's First Cause of Action against Defendant DeGuzman survived a motion to dismiss (ECF 49), the other claims were dismissed and it is too early to determine whether Plaintiff's remaining cause of action will survive a motion for summary judgment. Thus, this factor does not support Plaintiff's request for appointed counsel. *See Garcia v. Smith*, No. 10-cv1187-AJB (RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel when it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment).

Finally, the Court acknowledges that any *pro se* litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525. However, viewing the two exceptional circumstances factors together, Plaintiff has not shown a likelihood of success on the merits of his case or that he cannot articulate his claims *pro se*. For the foregoing reasons, the Court does not find the "exceptional circumstances" required for appointment of counsel. Accordingly, Plaintiff's request for appointment of counsel is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated: April 4, 2019

Hon. Bernard G. Skomal
United States Magistrate Judge